IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                              :
YEHUDA NORDMAN
                              :

   v.                         :   Civil Action No. DKC 21-1818

                              :

TADJER-COHEN-EDELSON ASSOCIATES,
INC., et al.                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, are (1) the motion to dismiss Plaintiff's Second Amended Complaint for lack of jurisdiction filed by Zivan Cohen (ECF No. 33); (2) the motion to dismiss the Second Amended Complaint filed by Tadjer-Cohen-Edelson Associates, Inc. 401(k) Profit Sharing Plan, Tadjer-Cohen-Edelson Associates, Inc. Employee Stock Ownership Plan, Soomaz Abooali, Sanjay Khanna, Mahmoud R. Tabassi, Tadjer-Cohen-Edelson Associates, Inc., and Alireza Tahbaz (ECF No. 34)("TCE Defendants"); (3) Plaintiff's Motions for Leave to File a Surresponse (ECF Nos. 44 and 45); and (4) Plaintiff's Motion for an Extension of Time to file the motions for leave to file surresponse (ECF No. 47). The issues have been briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss filed by

the TCE Defendants will be granted in part and denied in part, the motion to dismiss filed by Mr. Cohen will be granted, and the motions relating to the filing of surreplies will be denied.

## I.   Background

In the Second Amended Complaint, Plaintiff Yehuda Nordman, a former employee of Tadjer-Cohen-Edelson Associates, Inc. ("TCE"), alleges that he is a participant in all the TCE Pension Plans, including the TCE 401(k) Profit Sharing Plan ("PS"), the TCE Money Purchase Plan ("MP"), and the TCE Employee Stock Ownership Plan ("ESOP").   He complains that Defendants concluded, erroneously, that he is not a participant in the MP and PS Plans and have refused to distribute benefits to him.   He also questions the values of his accounts in those Plans.   While Defendants acknowledge that he is a participant in the ESOP, Plaintiff questions the values of his accounts.   He also claims that Defendants made errors in the administration of the Plans, breached their fiduciary duties, and violated ERISA.   He seeks corrections in his accounts, damages, his proportionate share of payments that he should have received, penalties, attorneys' fees and costs, and other equitable relief.

As noted above, all Defendants move to dismiss all of Plaintiff's claims.

## II.  Factual Allegations

As alleged in the Second Amended Complaint, Plaintiff was employed by TCE from November 1988 until January 2019.  TCE is the plan sponsor of two pension plans.  The MP Plan is an employer-funded account whose assets were invested by the Trustees in a pooled account.  During 2014-2015, the MP Plan was merged into the PS Plan.  The PS Plan consists of two separate accounts:  the salary deferral (employee contribution)- 401(k) part and the profit sharing (employer funded) part of the plan.  The ESOP also consisted of two separate accounts: the employer securities part, invested in shares of TCE stock, and the Other Investment Account, invested in other assets.  It is administered by its Trustees and its Administrator.

Zivan Cohen is alleged to have been a fiduciary to the pension plans because he exercised discretionary control respecting management until December 31, 2017.  The complaint alleges, upon information and belief, that he continued working at TCE for at least two years after December 31, 2017, and that he sold approximately 58% of the shares of TCE to the ESOP on May 24, 2000 and May 20, 2004.  Mahmood Tabassi, Alireza Tahbaz, Sanjay Khanna, and Soolmaz Abooali are each alleged to be a fiduciary of the

3

plans.    Mr. Tabassi allegedly exercises discretionary control respecting management, is a "Managing Partner," and is a Trustee. Mr. Tahbaz is currently vice-president of TCE and a Trustee.  Mr. Khanna is currently a Trustee of the Plans.   Ms. Abooali is currently president of TCE.

Plaintiff alleges that, when hired by TCE in 1988, he initially elected not to participate in the MP and PS Plans.   In June 1990, after negotiating with Mr. Cohen for a reduced salary, he changed the election and began participating in the MP Plan. He received annual Benefit Statements from the MP plan through May 31, 2014, and after the MP plan merged into the PS plan, he received annual statements for the combined plans through May 31, 2018.  He became a participant in the PS plan during 1993-1994, including the salary deferral 401(k) part of the plan.  He received his first benefit statement on May 31, 1994, and annually thereafter through May 31, 2018.  He became a participant in the ESOP on June 1, 1999 (its effective date), and received annual statements through May 31, 2021.  He claims to have, or previously had, five accounts in the TCE Pension Plans.  He alleges that, on April 17, 2019, counsel for TCE wrote to his counsel advising that, because of the 1988 waivers, he will not be receiving any further amounts from the

401(k) plan.  Further factual allegations from the Second Amended Complaint will be included below when relevant.

## III. Standard of Review

A 12(b)(6) motion tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor."  *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).  A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[.]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."  *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

## IV.  Discussion/Analysis

Defendants contend that Plaintiff lacks standing, the claims are time barred, and the second amended complaint fails to state cognizable claims under ERISA.  Zivan Cohen, in addition to joining the arguments made by the other defendants, contends that he is not liable for any acts or decisions made after December 31, 2017, when he stopped working at TCE and ceased being a fiduciary.

The Second Amended Complaint is not a model of clarity, and Plaintiff expends little energy trying to support it.  Although the ESOP is named as a defendant in the preliminary portion, no individual count or claim names it as a defendant, as pointed out by Defendants.  Plaintiff does not respond to this contention. Inasmuch as there is no request for relief contained in the Second Amended Complaint against the ESOP, it will be dismissed as a defendant.

Two of Defendants' arguments are ill placed and/or ill timed because neither can be addressed fully on these motions to dismiss. Defendants argue that Plaintiff lacks standing because he was not denied benefits pursuant to claim procedures and has failed to exhaust plan remedies.  They also assert that some claims are barred by the statute of limitations.

A.    **Exhaustion of Plan Remedies**

>    Although "ERISA does not contain an
> explicit exhaustion provision," "an ERISA
> claimant generally is required to exhaust the
> remedies provided by the employee benefit plan
> in which he participates as a prerequisite to
> an ERISA action for denial of benefits under
> 29 U.S.C. § 1132." *Makar v. Health Care Corp.
> of Mid-Atlantic (CareFirst)*, 872 F.2d 80, 82
> (4th Cir. 1989). Courts have imposed this
> requirement because it is consistent with the
> "Act's text and structure as well as the
> strong federal interest encouraging private
> resolution of ERISA disputes." *Id*. The
> exhaustion requirement means that claimants
> must follow the Plan's internal procedures for
> a "full and fair review" of a plan
> administrator's denial of a claim for
> benefits. *Id*. at 83.

*Wilson v. UnitedHealthcare Ins. Co.*, 27 F.4th 228, 241 (4th Cir.

2022).  The requirement is not, however, absolute:

>    We have previously recognized that a
> failure to exhaust may be excused when
> pursuing internal remedies would be "futile."
> *Id*. More than "bare allegations of futility"
> must be demonstrated, however, as a claimant
> must come forward with a "clear and positive
> showing" to warrant "suspending the exhaustion
> requirement." *Id*. (internal quotation marks
> omitted); *see Hickey v. Digital Equip. Corp.*,
> 43 F.3d 941, 945 (4th Cir. 1995) (rejecting an
> assertion of futility when claimant did not
> file a written claim and alleged, with no
> further foundation, that doing so would have
> been "a mere formality if not a charade").
> Further, an administrator's failure to
> "provide a reasonable claims procedure" under
> ERISA "entitle[s] [beneficiaries] to pursue
> any available remedies" and thus to "be deemed

7

> to have exhausted the administrative remedies available under the [P]lan." 29 C.F.R. § 2560-503-1(l)(1).

*Id.* The parties have engaged in a debate over the necessary administrative steps and/or their futility, but their differences cannot be adjudicated on a motion to dismiss based on the current record:

> [F]ailure to exhaust administrative remedies under ERISA is an affirmative defense. *See Crowell v. Shell Oil Co.*, 541 F.3d 295, 308-09 & nn. 55-58 (5ᵗʰ Cir. 2008) (collecting cases); *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 443-46 (2d Cir. 2006). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and rarely will this involve assessing the sufficiency of defenses. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4ᵗʰ Cir. 2007) (*en banc*); *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4ᵗʰ Cir. 1992). The burden of establishing an affirmative defense rests with the defendant, and "a motion to dismiss filed under [Rule] 12(b)(6) . . . generally cannot reach the merits of an affirmative defense." *Goodman*, 494 F.3d at 464. There are "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Id.*

*Taylor v. Oak Forest Health & Rehab., LLC*, No. 1:11-CV-471, 2013 WL 4505386, at *3 (M.D.N.C. Aug. 22, 2013); *accord*, *J.J. Crewe & Son, Inc. Profit Sharing Plan v. Talbot*, No. 11-cv-02871-ELH, 2012 WL 1994778, at *2, 11 (D.Md. June 1, 2012) ("Failure to exhaust administrative remedies under ERISA is generally considered an

affirmative defense, which the defendant must establish by resort to matter outside of the pleadings. . . . [D]etermination of whether the exhaustion requirement has been satisfied is inappropriate for resolution at this stage of the proceedings."). Although the Second Amended Complaint refers to and relies on the Plans, neither side has provided copies or otherwise indicated what all of the normal procedures are.  Certainly, the futility of attempting to follow any procedure cannot be resolved at this time.

**B.  Statute of Limitations**

Defendants contend that, for some of the claims, the facts alleged on the face of the complaint demonstrate that the claims are time-barred.  Like exhaustion of plan remedies, the statute of limitations is an affirmative defense:

> The statute of limitations is an affirmative defense that must be proven by a defendant by a preponderance of the evidence. Fed.R.Civ.P. 8(c)(1); *Stack v. Abbott Labs., Inc.*, 979 F.Supp.2d 658, 664 (M.D.N.C. 2013). Therefore, this court can reach the merits of the issue at the Rule 12(b)(6) stage only "if all facts necessary to the [statute of limitations] defense 'clearly appear[ ] on the face of the complaint.' " *Stack*, 979 F.Supp.2d at 664 (alteration in original) (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)). Dismissal of a claim as time-barred at the motion to dismiss stage occurs in "relatively rare circumstances." *Goodman*, 494 F.3d at 464.

*Humana, Inc. v. Ameritox, LLC*, 267 F.Supp.3d 669, 675 (M.D.N.C. 2017).  Given the parties' arguments on the varying limitations periods and repose terms, and, frankly, the lack of clarity in the complaint as to the timing of alleged violations, this affirmative defense cannot be adjudicated on the current motions.

    **C.   Remaining Arguments**

    **1.   Count One**

Count one is brought against TCE, the PS Plan, the Trustees, Mr. Tabassi, and Ms. Abooali for "Failure to Distribute Benefits from PS Plan."  Plaintiff alleges that he resigned from TCE in January 2019 and should have received his PS Plan benefits shortly after allocations were completed and without a request from him. His May 2018 Benefit Statement showed that he had $571,209.67 in the Employer-paid combined accounts of the PS Plan.  He has not received them.  He says that he requested from Mr. Tabassi, in January 2019, the forms to complete distribution of his accounts (which would have included a Distribution Election Form ("DEF")), but he has not received the form.  He could not properly apply for benefits without the form.

Count one seeks the payment of benefits under the PS Plan in the amount of $571,209.67 and is brought under 29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a).  Plaintiff asserts that he is a

10

plan participant entitled to benefits.  He alleges that a May 31, 2018 Benefit Statement showed the amount he had in the Employer-paid portion of the PS Plan (combined PS and MP accounts), that the Adoption Agreement for the PS Plan provides that distribution of benefits should be made as soon as administratively feasible after contributions have been allocated, that his balances became distributable during the Plan Year ending May 31, 2019, that the PS Plan allocations were completed in August 2019, and that his benefits should have been distributed without a request from him.

Defendants claim that Plaintiff must show that he submitted a benefit claim to the plan administrator and that the plan administrator denied his claim.  They also assert that there was a determination on April 17, 2019, by TCE that Plaintiff was not a participant in the plan and was not entitled to allocations.

The plan documents are not before the court, so it is impossible to determine what level of discretion is afforded to the plan administrator to determine eligibility.  Plaintiff asserts that he was not required to "submit a claim" in order to receive his benefits.  Instead, they were to be paid automatically.

Ordinarily, "[a]n ERISA cause of action does not accrue until a claim of benefits has been made and formally denied," *Rodriguez v MEBA Pension Tr.*, 872 F.2d 69, 72 (4th Cir. 1989), at least for

11

determining when the statute of limitations starts to run.  When, however, there is no formal claim for benefits to be made, the accrual date is determined differently.  Then, an "alternative approach" applies, and a claim accrues when some event should have alerted the plaintiff to entitlement to benefits that were not received.  *Cotter v. E. Conf. of Teamsters Ret. Plan*, 898 F.2d 424, 429 (4th Cir. 1990).  Thus, it appears that not every legitimate ERISA claim for wrongful denial of benefits must involve a formal claim made to a plan administrator.  Given Plaintiff's assertion that he did not need to make any formal claim, and the absence of any conclusive documentation to the contrary, the claim survives this challenge.

The second challenge, that the complaint must allege some abuse of discretion by the plan administrator, also fails.  First, as noted above, the plan documents are not before the court, and it is impossible to tell what level of discretion was afforded to the plan administrator.  More importantly, if Plaintiff was/is entitled to benefits as a participant, it is hard to see why it would not be an abuse of discretion to deny them.  Finally, the exhaustion requirement need not be pleaded by Plaintiff.  It is an affirmative defense and does not clearly appear on the face of the complaint.

Defendants' final challenge, to the identity of the proper defendants, will also be rejected at this stage.  A benefits denial claim is brought against the party with decision-making authority, presumably the plan administrator.

> Courts in this Circuit have stated that an ERISA benefits action may be brought against the entity with decision-making authority and the benefit plan itself. *See Wingler v. Fidelity Investments*, No. WDQ-12-3439, 2013 WL 6326585, at *3 & n.4 (D.Md. Dec. 2, 2013) ("The proper defendants in an ERISA benefits action are the benefit plan and the entity with discretionary decision-making authority."); *Abbott v. Duke Energy Health & Welfare Ben. Plan*, No. 3:07-CV-00110, 2007 WL 2300797, at *2 (W.D.N.C. Aug. 7, 2007) ("In an unpublished decision, the Fourth Circuit sided with those circuits which have employed a control test to determine whether a non-plan party can be named," citing to *Gluth v. Wal-Mart Stores, Inc.*, No. 96-1307, 1997 WL 368625, at *6 (4th Cir. 1997)).

*Lewis v. Aetna Life Ins. Co.*, No. 19-CV-860-CCB, 2020 WL 247461, at *3 (D.Md. Jan. 15, 2020).  There may be an additional rule for pension plans:

> In an ERISA action for denial of benefits under a pension plan, a district court stated that "[a]lthough the Fourth Circuit has not published a decision that expressly holds who is a proper defendant in an action for benefits under Section 1132(a)(1)(B), the Fourth Circuit appears to be aligned with those circuits that permit a plaintiff to bring an action to recover benefits under Section 1132(a)(1)(B) against the pension plan

13

> itself as an entity *and* any fiduciaries who control the administration of the pension plan." *McRae v. Rogosin Converters, Inc.*, 301 F.Supp.2d 471, 475 (M.D.N.C. 2004) (emphasis added).

*Lewis*, 2020 WL 247461, at *3 n.5.  The motion to dismiss count one will be denied as to the TCE Defendants.

### 2.   Count Two and Count Three

Count two is brought against TCE, Mr. Cohen, Mr. Tabassi, and Ms. Abooali for "Errors in Plan Administration that Violate ERISA." Plaintiff cites to 29 U.S.C. § 1132(a)(3), § 502(a)(3) of ERISA, asserting that he can bring an action to enjoin an act or practice that violates ERISA.  Those included use of incorrect salaries, insufficient employer contributions, violations of the "top-heavy" rules, incorrect allocation for forfeitures in the PS Plan, and failure to allocate ESOP assets.

Count three is brought against TCE, Mr. Cohen, Mr. Tabassi, and Ms. Abooali for "Violations of the ESOP Diversification Rules." He asserts that he only recently learned that he should have been afforded the right from June 1, 2009, until May 31, 2015, to elect diversification, and he has lost over $200,000 as a result.

The TCE Defendants challenge counts two and three, arguing that there is no private cause of action to sue for IRC violations, Plaintiff lacks standing to sue for "proper plan management,"

14

Plaintiff cannot sue under ERISA § 502(a)(3) when § 502(a)(1)(B) provides adequate relief, Plaintiff has no right to individualized relief for any breach of fiduciary duty, disgorgement, or surcharge, the claims are time barred, and the claims are otherwise conclusory and implausible.  Plaintiff's response is difficult to understand.  He concedes that any request for benefits should refer to § 502(a)(1) rather than § 502(a)(3), which was a typographical error.  He also seems to argue that he is asking for different relief, *i.e.*, enjoining an action or obtaining other equitable relief or to enforce terms of the plan.  A party may not amend a complaint through a response to the motion to dismiss.  Counts two and three will be dismissed.  Count one already contains the claim under § 502(a)(1).

### 3.  Count Four

Count four is a claim against TCE, Mr. Tabassi, and Ms. Abooali for "Violations of ERISA Rules to Timely Provide Plan Documents."  Here, he cites § 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4), for the proposition that, upon written request of a participant, the plan administrator must provide copies of certain documents.  He requested plan documents, including summary plan descriptions, on August 4, 2018, which he received 225 days late; he requested other documents on February 4, 2020, that he has still

not received.  Other documents are to be provided even without request, such as Summary Annual Reports.  These were not provided timely.  Finally, despite what he calls many written requests, TCE and Mr. Tabassi still have not provided him a DEF for the MP and PS Plans or a proper DEF for the ESOP.

The TCE Defendants moved to dismiss this count because it is time-barred, he has no standing to sue Mr. Tabassi and Abboali, and as he is not a participant, he may not bring an action under § 104(b)(4).

That provision requires an administrator, upon written request of a participant, to furnish a copy of the latest updated summary plan description, annual report, terminal report, bargaining agreement, contract "or other instruments under which the plan is established or operated." Section 502(c)(1) provides that the failure to mail the requested material within 30 days may result in imposition of a $100 per day fee on the administrator personally.  Plaintiff has alleged that he was a participant, and the time-bar argument will not be addressed because it is not clear on the face of the complaint.  Count four will not be dismissed as to the plan administrator, TCE.   The claim against the two individuals, however, will be dismissed, because only the plan administrator is a proper defendant.

16

### 4.    Count Five

Count five is brought against TCE, Mr. Cohen, Mr. Tabassi and Ms. Abooali for "Breach of Fiduciary Duties."  This count arises under § 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1), and asserts violations of § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Plaintiff contends that Mr. Cohen's sales of his TCE stock to the ESOP were prohibited transactions, compensation of Mr. Cohen and Mr. Tabassi was unreasonable, compensation of Ms. Abooali was unreasonable, and annual valuations of TCE Stock were improper and incorrect.  Defendants argue that these claims are time-barred (outside the six year statute of repose), Plaintiff cannot seek individual relief (as opposed to relief for the plan as a whole), he cannot obtain the relief sought under § 502(a)(3) (it should have been brought under § 502(a)(1)(B)), he does not explain why any equitable relief (if any is truly sought) cannot be obtained under § 502(a)(2), he lacks standing under ERISA because compensation of corporate officers does not concern fiduciary conduct, he fails to allege necessary elements of a breach of fiduciary duty claim (fiduciary status, which duty was breached, or loss to the ESOP), and he fails to plead elements of any ERISA prohibited transaction.

17

Plaintiff's response reiterates some of the earlier arguments. He also asserts that this claim should have referred to § 502(a)(2), in addition to § 502(a)(3) and that the trustee has a "common law duty" to review payment of abnormal expenses, and that participants "should be able to challenge the payment of unreasonable compensation to Trustees of the ESOP." Absolutely no authority is cited for the latter two propositions. He then recites paragraphs in the Second Amended Complaint that he claims plead the necessary elements. As noted by Defendants in reply, Plaintiff has not addressed their argument that he cannot seek personal and individual relief.

This count will be dismissed. Plaintiff's confusing, conclusory, and scattershot approach, and belated attempt to change the statutory basis for the claim, does not suffice. While an action pursuant to § 502(a)(2) may be brought by a participant, it is only for relief under § 409, 29 U.S.C. § 1109. The latter section provides liability of a fiduciary who breaches any duty imposed by ERISA. The fiduciary may be ordered to restore to the plan profits made through the use of the assets of the plan, or other equitable or remedial relief. Plaintiff has not identified the ERISA duty, at the very least.

18

5.   **Count Six**

Count six is a claim against TCE and Mr. Tabassi for "Retaliation in Violation of ERISA," by holding back his salary checks (bonus check due May 2018 and final salary check in February 2019), submitting incorrect 1099-R forms for the PS Plan in 2018 and the ESOP in 2020, and denying plan benefits.  Section 510 of ERISA, 29 U.S.C. § 1140, provides that "[i]t shall be unlawful for any person to . . . discriminate against a participant . . . for exercising any right to which he is entitled under the provisions of an employee benefit plan, . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan[.]"  Defendants argue that the allegations fail to establish "standing" because none come close to alleging any injury or harm, the claim fails because Plaintiff has not alleged an adverse employment event, and, in any event, it amounts to a "rehash" of his denial of benefits claim.  Plaintiff's response is terse, merely that he "believes that the allegations in Count Six support his claims of retaliation against him."

In order to have Article III standing, a plaintiff must have a concrete stake in the dispute.  "There is no ERISA exception to Article III." *Thole v. U.S. Bank N.A.*, 140 S.Ct. 1615, 1622 (2020). For this count, the question is whether any delay in receiving

checks or getting the wrong 1099-R suffices for a retaliation
claim.  The denial of benefits is the subject of count one, and
any claim here is redundant.

Section 510 "prohibits two types of discrimination by an
employer. First, an employer may not discriminate against an
employee with the purpose of interfering with an employee's
*exercise* of certain rights. Second, an employer may not
discriminate against an employee with the purpose of interfering
with an employee's *attainment* of certain rights." *Stiltner v.
Beretta U.S.A. Corp.*, 74 F.3d 1473, 1482 (4th Cir. 1996).  The term
"discriminate against" requires clarification and is limited to
actions affecting the employer-employee relationship.  *Id.* at
1484.

The complaint is somewhat vague as to what actions Plaintiff
undertook (and when) to exercise or attain his ERISA rights that
he claims led to retaliation by TCE and Mr. Tabassi.  Merely asking
for plan documents cannot suffice.  Only complaining about not
receiving them would trigger a ban on "retaliation."  In *Stiltner*,
the exercise of the rights was the indication that he would sue
for disability benefits.  Here, the filing of this case would
constitute an effort to exercise or attain ERISA rights, but the
complained of retaliatory actions obviously predate that event.

20

The earliest Plaintiff even began to explore his rights appears to be January 2019 (after his resignation) when he allegedly asked, in writing, for the forms to complete for distribution of his accounts.  He does not identify any action with precision, prior to this lawsuit, he took to complain or seek to enforce ERISA rights that were allegedly denied.  Thus, the allegations in count six fail, and it will be dismissed.

      **6.   Count Seven**

Count seven is a claim against Mr. Tahbaz and Mr. Khanna for "Liability for Breach of Co-Fiduciary Responsibility."  Plaintiff alleges that they learned about breaches of fiduciary duties by Mr. Cohen and Tabasi and did not take actions to remedy them or prevent new breaches.  These Defendants argue that Plaintiff has failed to allege concrete injury, the claim is derivative of other claims which are untimely and should otherwise be dismissed, and the claim fails substantively under ERISA § 405.  Plaintiff's only response is to refer to the Standard of Review section of his opposition and to claim that he has standing.  As a derivative claim, based on earlier claims that currently fail, this count will be dismissed.

7.    **Count Eight**

Count eight is a claim against Ms. Abooali for "Removal of TCE President" purportedly under ERISA § 502(a)(3). Plaintiff alleges that Ms. Abooali participated in a "prohibited transaction" regarding her compensation and did not properly supervise and control employees of TCE, thereby leading to errors in administration of the pension plans. Plaintiff seeks to remove her from her positions and bar her from future positions of authority over TCE or the plans. This Defendant contends that there are five reasons to dismiss this count: Plaintiff lacks standing (no concrete injury to Plaintiff alleged), Plaintiff lacks statutory standing (failure to allege that Ms. Abooali was a fiduciary), Plaintiff failed to allege a legally cognizable ERISA or state law claim necessary to underlie this claim, the claim is a transparent attempt to harass Ms. Abooali who is married to Mr. Tabassi, and allegedly excessive compensation is not a proper ERISA claim. Plaintiff's response is again terse and utterly barren: "Nordman believes that the allegations in Count Eight are sufficient for the removal of Ms. Abooali from the presidency of TCE."

This count relies on § 502(a)(3) to grant "other appropriate relief" in the form of removal of a corporate officer because she

22

engaged in an allegedly prohibited transaction and "numerous" violations of ERISA occurred during her term in office, namely those in counts two, five, and six. All of those counts will be dismissed. Count eight will be dismissed as well.

### 8. Mr. Cohen

Plaintiff agrees that Mr. Cohen may not be liable under counts one, four, six, seven, and eight but asks that those counts not be dismissed as to him because Plaintiff may find evidence later. To the extent that Mr. Cohen was included in these counts, the claims will be dismissed. Sheer speculation on what may be found is certainly not a sufficient basis to support a claim. Counts two, three, and five will be dismissed for reasons stated above.

### D.  Motions for Leave to File Surreplies

After the motions to dismiss were fully briefed, Plaintiff filed motions for leave to file a surresponse concerning each of the motions. With regard to the TCE Defendants' motion, Plaintiff asserts that their reply contains "new issues," namely (1) a plaintiff must allege that there was an abuse of discretion, (2) the denial of benefits happened 25 years ago, (3) the fiduciary breach allegations happened at a single point of time outside the statute of limitations, and (4) Defendants rely on cases not cited previously and "incorrect facts." With regard to the Cohen reply,

23

Plaintiff asserts that there were the following "new issues," (1) the court is not required to accept Plaintiff's allegation that he was a participant as true, (2) a plan participant must allege an abuse of discretion, (3) a six-year statute of repose cannot be extended as Plaintiff suggests, and (4) plaintiff's continuing violation theory is inapplicable. He also again asserts that a surreply should be allowed because Mr. Cohen cited cases not previously discussed.

> Local Rule 105.2(a) provides that a party is not permitted to file a surreply without permission of the court. The filing of a surreply "is within the Court's discretion, *see* Local Rule 105.2(a), but they are generally disfavored." *EEOC v. Freeman*, 961 F.Supp.2d 783, 801 (D.Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015); *see also, e.g., Chubb & Son v. C & C Complete Servs., LLC*, 919 F.Supp.2d 666, 679 (D.Md. 2013). A surreply is ordinarily permitted when the party seeking to file the surreply "would be unable to contest matters presented to the court for the first time" in the opposing party's reply. *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 529 (D.Md. 2014) (quotations and citations omitted). Conversely, a surreply is usually not permitted if the content is merely responsive to an issue raised in the opposition. *See Khoury v. Meserve*, 268 F.Supp.2d 600, 605-06 (D. Md. 2003).

*Cordish Cos., Inc. v. Affiliated FM Ins. Co.*, 573 F.Supp.3d 977, 988-89 (D.Md. 2021), *aff'd*, No. 21-2055, 2022 WL 1114373 (4th Cir. Apr. 14, 2022).

The motions to file surreplies ARE DENIED, and the motions to file the motions late are also DENIED.  None of the issues cited resulted in the court's rulings adverse to Plaintiff, and mere citation to additional, but not new, dispositive, authority is not a basis for filing a surreply.  As noted above, Plaintiff's oppositions were not forceful in the first instance.

## V.   Conclusion

By separate order, the motion to dismiss filed by the TCE defendants will be granted in part and denied in part, the motion to dismiss filed by Mr. Cohen will be granted, and the motions concerning surreplies will be denied.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
