```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND

                                  :
YEHUDA NORDMAN
                                  :

     v.                           :   Civil Action No. DKC 21-1818

                                  :
TADJER-COHEN-EDELSON ASSOCIATES,
INC., et al.                      :
```

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this case brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, is the motion for reconsideration filed by Plaintiff Yehuda Nordman.  (ECF No. 56).[1]  The issues have been briefed and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion for reconsideration will be denied.

Plaintiff seeks reconsideration of the court's September 21, 2022, memorandum opinion and order granting in part Defendants' motions to dismiss and denying Plaintiff's motion for leave to file surreplies.  (ECF Nos. 50, 51).  Federal Rule of Civil Procedure 54(b) governs motions for reconsideration of orders "that adjudicate[] fewer than all the claims" and "do[] not end the action."  *See Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325

---

[1] The docket text includes a "motion to bifurcate" as well as a "motion for reconsideration."  No such relief is requested in the body of the motion.

(4th Cir. 2017). Courts in this circuit generally only reconsider interlocutory orders under the following narrow circumstances: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva, LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005); *see also Carlson*, 856 F.3d at 325. A motion for reconsideration "may not be used merely to reiterate arguments previously rejected by the court." *Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 121 F.Supp.3d 504, 507 (D.Md. 2015).

Plaintiff argues in his motion that the court erred in granting Defendants' motions in part and denying his motion to file surreplies, but he identifies no change in controlling law or evidence that was not previously available. Indeed, each of his arguments for why the court erred are arguments he already made or could have made in response to the arguments in Defendants' motions. Despite having recited the aforementioned standard for a motion for reconsideration in his motion, Plaintiff's only attempt to satisfy that standard is a one-sentence statement that "[t]here will be 'manifest injustice' to Plaintiff and the other plan participants if the plans continue to be administered incorrectly." (ECF No. 56-1 at 2). The rest of his arguments are simply reasons that Plaintiff "disagrees with the Court's ruling."

2

Plaintiff has not made the showing required to justify reconsideration. Additionally, Plaintiff filed his motion nearly one month after the court's order was issued, which is past the fourteen-day time limit for filing motions for reconsideration. *See* Local Rule 105.10.

For those reasons, it is this 23rd day of March, 2023, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff Yehuda Nordman (ECF No. 56) BE, and the same hereby IS, DENIED; and

2. The clerk will transmit copies of the Memorandum Opinion and Order to counsel for the parties.

                                                                          /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge