```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

YEHUDA NORDMAN                          :

    v.                                    :   Civil Action No. DKC 21-1818

TADJER-COHEN-EDELSON ASSOCIATES,        :
INC., et al.                            :

### MEMORANDUM OPINION AND ORDER

Plaintiff Yehuda Nordman ("Plaintiff") filed a motion for reconsideration in this case brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (ECF No. 93). It is not necessary to await a response and no hearing being is necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration is denied.

Plaintiff, who has repeatedly sought extended deadlines and then missed some of them, filed his motion more than a month after the court's memorandum opinion and order were issued, which is past the fourteen-day limit for filing motions for consideration. Local Rule 105.10.[1] For that reason alone, the motion is DENIED.

Moreover, nothing in the motion requires reconsideration or clarification but, in the interest of moving this case along more efficiently and expeditiously, the court will endeavor to explain.

---

[1] Plaintiff was advised, when his last motion for reconsideration was denied, that the deadline under the local rule was 14 days. (ECF No. 65).

Plaintiff's first request is to declare that all of Defendants' delays in delivering Summary Annual Reports ("SARs") violated the terms of ERISA, the TCE 401(k) Profit Sharing Plan (the "PS Plan"), and the TCE Employee Stock Ownership Plan (the "ESOP"), (ECF No. 93, at 2).  The court granted Plaintiff's motion for partial summary judgment as to Defendants' failure to deliver the 2017-2018 and 2018-2019 ESOP SARs and granted Defendant's cross-motion for summary judgment as to 2016-2017 and 2019-2020 PS Plan and ESOP SARs, leaving adjudication of Defendants' liability as to the 2017-2018 and 2018-2019 PS Plan SARs for trial.  (ECF No. 88, at 41).  Plaintiff argues that although 29 U.S.C. § 1024(b)(4) required him to submit a written request in order to receive penalties, § 1024(b)(3) required Defendants to furnish all the SARS.  (ECF No. 93-1, at 2).

Plaintiff has identified no intervening change in controlling law, additional evidence that was not previously available, or manifest injustice resulting from the court's ruling.  Indeed, Plaintiff could have made this argument in his partial motion for summary judgment, and the court in fact addressed the argument in its memorandum opinion, stating that § 1024(b)(3) "only pertains to 'statements and schedules' and 'any such other material . . . as is necessary to fairly summarize the latest annual report.' Annual reports themselves fall under section 1024(b)(4).  Thus,

2

Defendants were only obligated to provide the SARs if Plaintiff requested them in writing." (ECF No. 88, at 36).

Plaintiff has also failed to identify clear error. To the contrary, the court's conclusion was correct. Defendants were required to furnish, regardless of whether Plaintiff submitted a written request, a copy of the statements and schedules and any other such material as is necessary to fairly summarize the latest annual report, but they were only obligated to furnish a copy of the latest updated summary, plan description, annual report, terminal report, bargaining agreement, trust agreement, contract, or any other instrument under which the plan is established or operated upon written request. 29 U.S.C. § 1024(b)(3)-(4). Plaintiff's disagreement with the court's ruling, without more, does not justify reconsideration.

Plaintiff's second request is to declare that the allegations in Count Four of the Second Amended Complaint that Defendants failed to provide timely the Plan Documents, Summary Plan Descriptions ("SPDs"), and Distribution Election Forms ("DEFs") of the ESOP and PS Plan are still part of the case. (ECF Nos. 32, at 24; 93, at 2; 93-1, at 3-4). Plaintiff does not seek reconsideration but rather clarification as to whether the allegations in Count Four of the Second Amended Complaint that Defendants failed to provide timely the Plan Documents, SPDs, and DEFs of the ESOP and PS Plan are still part of the case. (ECF

3

Nos. 32, at 24; 93, at 2; 93-1, at 3-4). The court did not discuss Plan Documents, SPDs, and DEFs in its memorandum opinion. Plaintiff only sought partial summary judgment as to the SARs, not these other documents, (ECF No. 77-5, at 4-5), and Defendants did not make any arguments specifically addressing the Plan Documents, SPDs, or DEFs, (ECF No. 79-1, at 27-28). The court only granted and denied summary judgment on the portions of Count Four relating to SARs. (ECF No. 88, at 41). Consequently, the portions of Count Four *not* pertaining to the SARs are still part of the case and will proceed to trial.

Plaintiff's third request is to declare that the alleged errors in plan administration enumerated in Count Two of the Second Amended Complaint are still part of the case, (ECF No. 93, at 2; 93-1, at 4-5). Plaintiff asserts that although the court dismissed Count Two, he interpreted the court's statement that "Count one already contains the claim under section 502(a)(1)[]" to mean that "the alleged Errors in Plan Administration that are enumerated in Count Two are still part of the current case." (ECF No. 93-1, at 4).

Plaintiff's interpretation is incorrect. The court clearly and unambiguously dismissed Count Two in its entirety. (ECF No. 50, at 15) ("Counts two and three will be dismissed."); (ECF No. 51, at 2) ("The claims in counts two, three, five, six, seven,

4

and eight BE, and the same hereby ARE, DISMISSED in their entirety[.]").

Accordingly, it is this 8th day of April, 2024, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion for reconsideration filed by Plaintiff Yehuda Nordman (ECF No. 93) BE, and the same hereby IS, DENIED; and

2.  The clerk will transmit copies of this Order to counsel for the parties.

                                              /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge