IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YEHUDA NORDMAN                :

                              :

    v.                      :   Civil Action No. DKC 21-1818

                              :

TADJER-COHEN-EDELSON ASSOCIATES,
INC., et al.                :

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this case brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, is the "Rule 59(e) motion to alter or amend the court's memorandum opinion and order of September 9, 2025 and the court's memorandum opinion and order of September 21, 2022" filed by Plaintiff Yehuda Nordman ("Plaintiff"). (ECF No. 122). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

The factual background of this case is set out in the court's opinion following the bench trial held on December 16, 2024. (ECF No. 119). Despite the title of his pending motion, Plaintiff does not seek reconsideration of the September 9, 2025, bench trial opinion. Instead, he only seeks reconsideration of the court's memorandum opinion and order on September 21, 2022, granting in part Defendants' motions to dismiss. (ECF Nos. 50, 51). Plaintiff previously moved for reconsideration of this opinion and order on

October 20, 2022, (ECF No. 56), which the court denied, (ECF No. 65).  He apparently believes that the court denied his previous reconsideration motion because it sought review of an interlocutory rather than final order, and therefore any motion for reconsideration was not ripe until the court entered final judgment.  (ECF No. 122-1, at 2).  He also contends that the court "did not address the substantive issues raised" in his previous reconsideration motion.  (*Id.*).  Plaintiff is wrong on both fronts. The court clearly explained in its three-page opinion that Plaintiff's motion was *untimely* because he "filed his motion nearly one month after the court's order was issued, which is past the fourteen-day time limit for filing motions for reconsideration" of interlocutory orders under Rule 54(b).  (ECF No. 65, at 3 (citing Local Rule 105.10)).  Moreover, the court *did* review the merits of the motion and concluded that he "ha[d] not made the showing required to justify reconsideration."  (*Id.*).

Plaintiff's current motion is procedurally suspect.  At this stage, it is not at all clear that he can challenge earlier rulings not involved in the bench trial, particularly rulings on which the court has already denied reconsideration under Rule 54(b).  *See Stogsdill v. S.C. Dep't of Health & Hum. Servs.*, No. 12-cv-7, 2021 WL 6618274, at *2 (D.S.C. Dec. 21, 2021) (summarily rejecting, after a bench trial, Plaintiffs' motions for reconsideration of prior interlocutory orders on which the court already denied

2

reconsideration), *aff'd*, No. 22-1069, 2023 WL 3845313 (4th Cir. June 6, 2023).  Nor is it clear whether Rule 59(e) is the proper rule under which Plaintiff should be proceeding.[1]  Regardless of the proper rule, however, the standard is generally the same. *Brightview Grp., LP v. Teeters*, No. 19-cv-2774-SAG, 2020 WL 4003168, at *2 (D.Md. July 15, 2020).  "[T]he moving party must demonstrate a clear legal error in the Court's prior ruling, provide newly discovered evidence that warrants reconsideration, or cite some intervening change in controlling law." *Id.* (citation modified).  "[M]ere disagreement" with the prior ruling is not enough.  *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

Even assuming Plaintiff can seek reconsideration of the 2022 dismissal order, his arguments fail.  He principally argues that there has been a change in the controlling case law.  He points to the Supreme Court of the United States's opinion in *Cunningham v. Cornell Univ.*, 604 U.S. 693 (2025), specifically the final line of the opinion: "The Court today holds that plaintiffs seeking to state a § 1106(a)(1)(C) claim must plausibly allege that a plan

---

[1] After a bench trial, litigants ordinarily move under Rule 52(b) for reconsideration and Rule 59(a) for a new trial. Plaintiff does not challenge the bench trial ruling itself, however, but rather a prior interlocutory order that merged into the final judgment after the bench trial.  A Rule 59(e) motion to alter or amend the judgment might be the proper vehicle to challenge the now-final order.  Or a Rule 60(b) motion, which permits relief from a final order, might otherwise be apt.  It is unnecessary to decide which rule applies because Plaintiff's motion is inadequate under any of them.

fiduciary engaged in a transaction proscribed therein, no more, no less." *Id.* at 709.  Plaintiff does not explain how, if at all, this holding changed prior controlling case law in the United States Court of Appeals for the Fourth Circuit, much less how such a change affects the court's grounds for dismissing any count or defendant in its prior dismissal ruling.  Apart from that argument, Plaintiff twice proclaims, without further explanation, that "[t]here will be 'manifest injustice' to all of the plan participants if the plans continue to be administered incorrectly."  (ECF No. 122-1, at 4).  And as with his previous reconsideration motion, the rest of his arguments are simply reasons that Plaintiff "disagrees with the Court's ruling."  (*Id.* at 4, 5, 6).  These arguments are woefully inadequate to justify the extraordinary remedy of reconsideration.

For the reasons stated in the foregoing Memorandum Opinion, it is this 27th day of March, 2025, by the United States District Court for the District of Maryland, ORDERED that:

1.   The motion for reconsideration filed by Plaintiff Yehuda Nordman (ECF No. 122) BE, and the same hereby IS, DENIED; and

2.   The Clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties and CLOSE this case administratively pending the parties' decision on appeal.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge

4